UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

Miguel A. Arostica,
Yansey B. Camellon,
Yandiert Grillo,
Roberto Mendez,
Lazaro Pozo,
Licier J. Velasquez,
on behalf of themselves
and other similarly situated individuals,

    Plaintiffs,

v.

Gold Coast Feed, LLC,
Wep Retail Holdings, LLC (Name HS),
a/k/a Gold Coast Feed & Supply,
a/k/a Gold Coast Feed & Nutrition,

    Defendant,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

COME NOW the Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, Licier Velasquez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Gold Coast Feed, LLC, Wep Retail Holdings, LLC (Name HS), a/k/a Gold Coast Feed & Supply, a/k/a Gold Coast Feed & Nutrition.

Jurisdiction Venue and Parties

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. §

1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez, are residents of Palm Beach County within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Gold Coast Feed, LLC, Wep Retail Holdings, LLC (Name HS), a/k/a Gold Coast Feed & Supply, a/k/a Gold Coast Feed & Nutrition, is a Florida corporation within this jurisdiction Court. At all times, Defendant was and is engaged in interstate commerce.

4. Defendant Gold Coast Feed, LLC, Wep Retail Holdings, LLC (Name HS), a/k/a Gold Coast Feed & Supply, a/k/a Gold Coast Feed & Nutrition, was the Employer of Plaintiffs and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. Defendant Gold Coast Feed, LLC, Wep Retail Holdings, LLC (Name HS), a/k/a Gold Coast Feed & Supply, a/k/a Gold Coast Feed & Nutrition, hereinafter, will be called Gold Coast Feed, or Defendant.

6. All the actions raised in this Complaint took place in Palm Beach County, Florida, within the jurisdiction of this Court.

Factual Allegations

7. This cause of action is brought by Plaintiffs as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs, and all other current and former employees similarly situated to Plaintiffs ("the asserted class") who worked in excess of forty (40) hours during one or more

weeks on or after August 2019 (the "material time") without being compensated overtime wages pursuant to the FLSA.

8. Defendant Gold Coast Feed is a retail business specializing in the equestrian market. Defendant is a supplier of hay, feed brands, nutrition supplements, horse grooming products, and all equipment and accessories for equestrians. Defendant provides delivery services.

9. Defendant Gold Coast Feed provides its services in Wellington and Loxahatchee area and has facilities located at 13501 South Shore Blvd., Wellington, FL 33414, where the Plaintiffs worked.

10. The Employer Gold Coast Feed was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business and affects interstate commerce through its business activity. Defendant had more than two employees recurrently engaged in commerce or producing goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

11. Plaintiffs were employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiffs and other employees similarly situated regularly and recurrently participated directly in interstate commerce by handling, working, and transporting goods and goods and/or materials produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

12. Defendant Gold Coast Feed employed Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez as non-exempted, full-time delivery drivers, helpers, and warehouse workers.

13. The Plaintiffs had the same duties, and they were paid daily rates ranging from $180.00 to $145.00 daily.

14. During their relevant time of employment, Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez worked a similar schedule, more than 40 hours weekly, but they were not paid for overtime hours, as required by the FLSA. Plaintiffs received only their daily rate, but they did not receive extra compensation for overtime hours.

15. Plaintiffs and other similarly situated delivery drivers, helpers, and warehouse workers are non-exempted employees.

16. Consequently, Plaintiffs and other similarly situated employees are covered employees under the overtime provisions of Section 7 (a) of the Fair Labor Standards Act (FLSA). They are entitled to be paid at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a work week.

17. Throughout their relevant time of employment with Defendant Gold Coast Feed, Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez worked an average of  84, 80.5, 69, 72, and 63 hours weekly.

18. However, Defendant maintained a common policy and practice of failing to pay Plaintiffs and other similarly situated individuals overtime wages for every hour worked in excess of 40 weekly, calculated at the rate of one and a half times their regular rate, as provided by Federal law.

19. Plaintiffs clocked in and out, and Defendant could keep track of the hours worked by Plaintiffs and other similarly situated individuals.

20. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

21. Plaintiffs were paid bi-weekly with direct deposits according to the number of days worked. Plaintiffs were provided with paystubs that showed only the number of days worked without any accounting for the number of hours worked during the week.

22. The Plaintiffs were in complete disagreement with the lack of payment for overtime hours, and they complained numerous times to the supervisor, Carolina Arbelaez. The supervisor always gave the same answer: "We do not pay overtime hours here."

23. Plaintiffs Yandiert Grillo and Lazaro Pozo were forced to leave their employment on or about March 30, 2022due to the unfair working conditions. The remaining Plaintiffs were fired by Defendants on different dates due to the same reason, retaliation for their continued demands about overtime payment.

24. Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez seek to recover unpaid overtime wages accumulated during their relevant time of employment and any other relief as applicable by law.

25. Plaintiffs have retained the law offices of the undersigned attorney to represent them individually and on behalf of the asserted class in this action and are obligated to pay reasonable attorneys' fees and costs.

Collective Action Allegations

26. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

27. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

28. In addition, Plaintiffs contend that Defendant violated the anti retaliatory provisions contained in 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiffs have been damaged.

29. This action is intended to include every delivery driver/helper/warehouse worker and any similarly situated individuals who worked for Defendant at any time during the past three (3) years. All proposed class members worked pursuant to Defendant's previously described common business practices and, as a result of such practices, they did not receive overtime premium pay for hours worked over 40 in a workweek.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

30. Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez re-adopt every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. This action is brought by Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1)

states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendant Gold Coast Feed employed Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez as non-exempted, full-time delivery drivers/helpers/warehouse workers.

33. Plaintiffs had the same duties, and they were paid daily rates ranging from $180.00 to $145.00 daily.

34. During their relevant time of employment, Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez worked a similar schedule, more than 40 hours weekly, but they were not paid for overtime hours, as required by the FLSA. Plaintiffs received only their daily rate, but they did not receive extra compensation or overtime hours.

35. Plaintiffs and other similarly situated delivery drivers, helpers, and warehouse workers are non-exempted employees.

36. Consequently, Plaintiffs and other similarly situated employees are covered employees under the overtime provisions of Section 7 (a) of the Fair Labor Standards Act (FLSA). They are entitled to be paid at a rate not less than one and one-half times their regular pay rates for all hours worked in excess of 40 hours in a work week.

37. Throughout their relevant time of employment with Defendant Gold Coast Feed, Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez worked an average of 84, 80, 69, 72, and 63 hours weekly.

38. However, Defendant maintained a common policy and practice of failing to pay Plaintiffs and other similarly situated individuals overtime wages for every hour worked in excess of 40 weekly, calculated at the rate of one and a half times their regular rate, as provided by Federal law.

39. Plaintiffs' overtime damages are as follows:

    *Plaintiffs' damages are preliminary, calculated based on Plaintiffs' best recollections. Plaintiffs reserve the right to modify their calculations after discovery is taken and payroll is received from Defendant. Plaintiffs will not be able to accurately calculate their hours week by week until such time as when they receive discovery from Defendant.

40. **1.- Plaintiff Miguel A. Arostica / Total half-time O/T 23 weeks owed $7,590.00**

    Defendant employed Plaintiff from November 01, 2021, to April 15, 2022, or 23 weeks.

    Relevant weeks: 23 weeks
    Daily rate: $180.00
    Days worked: 7 days x $180.00=$1,200.00 weekly
    Total hours worked: 84 hours weekly average
    O/T hours: 44 hours
    Paid weekly: $1260.00:84 hour=$15.00 Regular rate:2=$7.50 half-time
    Half-time: $7.50
    　　　　$7.50 x 44 O/T hours=$330.00 weekly x 23 weeks=$7,590.00

41. **2.- Plaintiff Miguel Yasnsey B. Camellon /Total half-time O/T 46 w. owed $11,040.00**

    Defendant employed Plaintiff worked on 2020 approximately 20 weeks. Plaintiff returned to work on or about September 01, 2021, to January 31, 2022, or 22 weeks. Plaintiff worked for Defendant for a total of 46 weeks.

    Relevant weeks: 46 weeks
    Daily rate: $138.00
    Days worked: 7 days x $138.00=$966.00 weekly
    Total hours worked: 80 hours weekly average
    O/T hours: 40 hours
    Paid weekly: $966.00:80 hour=$12.00 Regular rate:2=$6.00 half-time
    Half-time: $6.00
    　　　　$6.00 x 40 O/T hours=$240.00 weekly x 46 weeks=$11,040.00

42. **3.- Plaintiff Yandiert Grillo / Total half-time O/T 26 weeks owed $5,247.84**

    Defendant employed Plaintiff from October 01, 2021, to March 30, 2022, or 26 weeks.

    Relevant weeks: 26 weeks

    Daily rate: $160.00
    Days worked: 6 days x $160.00=$960.00 weekly
    Total hours worked:69 hours weekly average
    O/T hours: 29 hours
    Paid weekly: $960.00:69 hour=$13.91 Regular rate:2=$6.96 half-time
    Half-time: $6.96
    $6.96 x 29 O/T hours=$201.84 weekly x 26 weeks=$5,247.84

43. **4.- Plaintiff Roberto Mendez/ Total half-time O/T 115 weeks owed $22,705.60**

    Defendant employed Plaintiff from December 01, 2019, to February 11, 2022, or 115 weeks.

    Relevant weeks: 115 weeks
    Daily rate: $148.00
    Days worked: 6 days x $148.00=$888.00 weekly
    Total hours worked: 72 hours weekly average
    O/T hours: 32 hours
    Paid weekly: $888.00:72 hour=$12.33 Regular rate:2=$6.17 half-time
    Half-time: $6.17
    $6.17 x 32 O/T hours=$197.44 weekly x 115 weeks=$22,705.60

44. **5.- Plaintiff Lazaro Pozo/ Total half-time O/T 6 weeks owed $1,051.56**

    Defendant employed Plaintiff from February 17, 2022, to March 30, 2022, or 6 weeks.

    Relevant weeks: 6 weeks
    Daily rate: $160.00
    Days worked: 6 days x $160.00=$960.00 weekly
    Total hours worked: 63 hours weekly average
    O/T hours: 23 hours
    Paid weekly: $960:63 hour=$15.24 Regular rate:2=$7.62 half-time
    Half-time: $7.62
    $7.62 x 23 O/T hours=$175.26 weekly x 6 weeks=$1,051.56

45. **6- Plaintiff Licier J. Velasquez/ Total half-time O/T 6 weeks owed $1,159.68**

    Defendant employed Plaintiff from February 17, 2022, to March 30, 2022, or 6 weeks.

    Relevant weeks: 6 weeks
    Daily rate: $145.00

    Days worked: 6 days x $143.00=$870.00 weekly
    Total hours worked: 72 hours weekly average
    O/T hours: 32 hours
    Paid weekly: $870:72 hour=$12.08 Regular rate:2=$6.04 half-time
    Half-time: $6.04
           $6.04 x 32 O/T hours=$193.28 weekly x 6 weeks=$1,159.68

46. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

47. Defendants intentionally failed to pay Plaintiffs their overtime wages and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. The Defendant had knowledge of Plaintiffs' work schedule and the number of hours they worked. Defendant had knowledge of the wages that they were receiving. Defendant knew or should have known of the work performed by Plaintiffs and their obligation to pay overtime wages to Plaintiffs, as well as the pay practices not comporting with the FLSA. As a result of the under-payments of wages alleged above, Defendants are indebted to Plaintiffs and others similarly situated in the amount of the unpaid overtime wages. Accordingly, plaintiffs and those similarly-situated are entitled to recover double damages.

48. Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, Licier Velasquez, and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez , and other similarly situated and against Defendant Gold Coast Feed and, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Jury Demand

Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez and those similarly situated demand trial by a jury of all issues triable as a right by jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFFS; PURSUANT TO 29 U.S.C. 215(a)(3);

49. Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Roberto Mendez, and Licier Velasquez re-adopt every factual allegation as stated in paragraphs 1-29 of this Complaint as if set out in full herein.

50. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

51. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours above forty at the rate of at least one and one-half times the employee's regular rate…"

52. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

53. Defendant Gold Coast Feed employed Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Roberto Mendez, and Licier Velasquez as non-exempted, full-time delivery drivers, helpers, and warehouse workers.

54. The Plaintiffs had the same duties and were paid daily rates ranging from $180.00 to $145.00 daily.

55. During their relevant time of employment, Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Roberto Mendez, and Licier Velasquez worked a similar schedule, more than 40 hours weekly, but they were not paid for overtime hours, as required by the FLSA. Plaintiffs received only their daily rate, but they did not receive extra compensation for overtime hours.

56. Throughout their relevant time of employment with Defendant Gold Coast Feed, Plaintiffs Miguel A. Arostica, Yansey B. CamellonRoberto Mendez, and Licier Velasquez worked an average of  84, 80. 72 and 72 hours weekly.

57. However, Defendant maintained a common policy and practice of failing to pay Plaintiffs and other similarly situated individuals overtime wages for every hour worked in excess of 40 weekly, calculated at the rate of one and a half times their regular rate, as provided by Federal law.

58. Plaintiffs clocked in and out, and Defendant could keep track of the hours worked by Plaintiffs and other similarly situated individuals.

59. Therefore, Defendant willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

60. Plaintiffs were paid bi-weekly with direct deposits according to the number of days worked. Plaintiffs were provided with paystubs that showed only the number of days worked without any accounting for the number of hours worked during the week.

61. The Plaintiffs were in complete disagreement with the lack of payment for overtime hours, and they complained numerous times to the supervisor, Carolina Arbelaez.

62. These complaints constituted protected activity under the Fair Labor Standards Act.

63. On or about January 31, 2022, Plaintiff Yansey B. Camellon and several co-workers complained once again about the lack of payment for overtime hours

64. The supervisor, Carolina Arbelaez, gave the same answer: "We do not pay overtime hours here."As a consequence, the supervisor, Carolina Arbelaez, fired Plaintiff Yansey B. Camellon.

65. Defendant fired the remaining Plaintiffs one by one in a short time. Plaintiff Roberto Mendez was fired on or about February 11, 2022, Plaintiff Licier J. Velasquez was fired on March 30, 2022, and Plaintiff Miguel A. Arostica was fired on or about April 15, 2022.

66. Other workers (Yandiert Grillo and Lazaro Pozo) decided to resign to avoid the humiliation of being fired.

67. At all times during their employment, Plaintiffs performed their work satisfactorily. There was no reason other than a retaliatory action to terminate the Plaintiffs' employment.

68. Moreover, the Plaintiffs' termination came right after Plaintiffs' participation in a protected activity.

69. Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Roberto Mendez, and Licier Velasquez were terminated by Defendants. This adverse employment action against Plaintiffs by the Defendants was directly and proximately caused by Defendant's unjustified retaliation because of Plaintiffs' complaints about overtime payment in violation of Federal Law and State law.

70. The Defendants' termination of Plaintiffs was in direct violation of 29 U.S.C. 215 (a)(3), and, as a direct result, Plaintiffs have been damaged.

71. Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Roberto Mendez, and Licier Velasquez have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Roberto Mendez, and Licier Velasquez respectfully request that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Gold Coast Feed that Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Roberto Mendez, and Licier Velasquez recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Gold Coast Feed to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Roberto Mendez, and Licier Velasquez further pray for such additional relief as the interests of justice may require.

<u>Jury Demand</u>

Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Pozo, and Licier Velasquez and those similarly situated demand trial by a jury of all issues triable as a right by jury.

Dated:  September 20, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.elbA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*