UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-81461-Civ-MATTHEWMAN

MIGUEL A. AROSTICA, et al.,

    Plaintiffs,

v.

GOLD COAST FEED, LLC, et al.,

    Defendants.

_____/

## ORDER GRANTING THE PARTIES' JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE [DE 52], APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE

**THIS CAUSE** came before the Court upon Plaintiffs Miguel A. Arostica, Yansey B. Camellon, Yandiert Grillo, Roberto Mendez, Lazaro Poco, Licier J. Velasquez, Frank Baro, Freidy Baro, and William Martinez's (collectively, "Plaintiffs"), and Defendants Gold Coast Feed, LLC, and WEP Retail Holdings, LLC's (collectively, "Defendants") Joint Motion to Approve Settlement Agreement and for Dismissal with Prejudice ("Joint Motion") [DE 52]. In the Joint Motion, the parties (that is, the nine Plaintiffs and two Defendants) seek an Order approving their collective settlement, dismissing this action with prejudice, and retaining jurisdiction to enforce the terms of the nine corresponding settlement agreements. *See* DE 52 at 2. The parties also submitted for *in camera* review the nine fully executed Settlement Agreements as to FLSA Claims.

The Court held a fairness hearing via Zoom video teleconference (VTC) on March 8, 2023, during which the Court heard from the parties' counsel regarding the fairness of the settlement of Plaintiffs' claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* All parties' counsel represented that the collective settlement is fair and reasonable, and

1

that Plaintiffs and Defendants are in agreement with the terms of the corresponding settlement agreements.

The Court has reviewed the Joint Motion, the nine Settlement Agreements as to FLSA Claims, and the entire file in this case, has considered all of the factors outlined in *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and is otherwise fully advised in the premises. The Court finds that the collective settlement in this case, as well as each of the nine individual settlements, represents a genuine compromise of a bona fide dispute, with all parties represented by competent counsel. Plaintiffs are being paid an amount they believe they are owed well prior to the trial date. The parties have agreed to settle due to reasonable strategic and financial considerations. The Court further finds that the collective settlement and each of the nine individual settlements—including the attorney's fees and costs reached by the parties in each corresponding settlement agreement—represents a reasonable, arm's length compromise by both sides and is fair and reasonable. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Court finds the collective settlement of Plaintiffs' FLSA claims and case (comprised of nine corresponding settlement agreements) to be fair and reasonable. The Court also finds that the collective settlement (and nine corresponding settlement agreements) meets the standard set forth in *Lynn's Food Stores, Inc.* Accordingly, the Joint Motion [DE 52] is **GRANTED**.
2. The parties' nine settlement agreements are **APPROVED**.
3. The Court retains jurisdiction for a period of sixty (60) days from the date of this Order to enforce the terms of the parties' nine Settlement Agreements as to FLSA Claims.
4. The above-style action is **DISMISSED WITH PREJUDICE**.

5. Each party shall bear its own costs and attorney's fees, other than those specified in the nine Settlement Agreements as to FLSA Claims.

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 9th day of March, 2023.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge